STATE OF MINNESOTA *vs.* CHARLES B. MABEN.

December 15, 1890.

**Municipal Court—Criminal Trial—Selection of Jurors—Special Venire.**—Under the statute regulating trials in the municipal court of the city of Minneapolis, jurors for the trial of criminal cases are required to be taken from the regular panel of jurors selected in accordance with the statute for service in that court. The fact that no such jury is in actual attendance upon the court, or that the jury may have been excused from attendance, does not justify a special *venire* for the selecting of a jury from the general body of those liable to jury duty.

Defendant was tried and convicted in the municipal court of Minneapolis on a complaint for publishing a libel, and appeals from the judgment.

*Geo. C. Ripley, C. E. Brennan, S. A. Booth,* and *F. P. Lane,* for appellant.

*Albert H. Hall,* for respondent.

DICKINSON, J. The defendant, having been convicted criminally in the municipal court of the city of Minneapolis upon a charge of libel,

appealed from the judgment. No question is raised as to the jurisdiction of the court in this case. It is assigned as error that the defendant was required to go to trial before a jury called upon a special *venire,* instead of before a jury regularly drawn in the manner provided by statute. The statute relating to the subject is chapter 34, Sp. Laws, 1889, consolidating and amending the several acts relating to this municipal court. The court is invested with jurisdiction in civil actions, and in criminal proceedings. It is provided in section 7 that, for the exercise of its criminal jurisdiction, the judge of this court shall open his court every morning, Sundays and holidays excepted, and proceed to hear and dispose of, in a summary manner, all cases which shall be brought before him for violations of the criminal laws of the state, or of the ordinances and laws of the city. Section 9 provides that regular terms of the court for the trial of civil actions shall be held on the first and third Tuesdays of each month, July and August excepted, which terms shall continue from day to day, with such adjournments as to the court may seem proper, until the business of each term is finished. Section 13 declares that the laws of a general nature, applicable to jury trials in the district court, shall apply to this municipal court, except as in this act provided. It prescribes the manner in which jurors shall be drawn, which is, in substance, as follows: On the second Monday of February, May, August, and November in each year, designated officers are to select 63 persons to serve as jurors, when required and drawn, during the succeeding three months, and until their successors are selected and certified. On Thursday preceding the beginning of the first term of each month, 21 persons are to be drawn by lot from those selected as above stated, and summoned to attend as jurors at the term next ensuing, and until excused by the court. "Out of the jurors so drawn and summoned, jurors shall be selected when required in the same manner as in the district courts of the state. Whenever a jury is required in a criminal case, it shall be selected from the panel so drawn." In the same section it is further provided that, "whenever deemed necessary, said court shall have power to issue a special *venire.*" This prosecution was instituted by complaint on the 19th day of December, 1889. It came on for trial on the 26th day of that

month, the court having issued a special *venire* for a jury to appear on that day for the trial of this cause. On the 18th day of that month, the 21 jurors who had been drawn and summoned to attend at the December terms, on the first Wednesday of December and on the third Wednesday of the same month, were formally excused by the court. The court considered that they were no longer subject to be called as jurors, and that under the statute another panel could not be drawn so as to be summoned to attend before January, 1890. For this reason, a special *venire* was deemed necessary. The defendant, claiming the right to be tried by a jury regularly drawn in the manner prescribed by statute, interposed a challenge, which being disallowed or overruled, he moved for a postponement of the trial to a time when a regular jury could be procured. This was also denied.

The statute above referred to does not provide as fully and explicitly as would have been desirable in respect to the manner of securing a jury for the trial of criminal causes. It is to be noted, however, that, while the specific provisions for the regular summoning of jurors are made with respect to the *terms* of the court to be held for the trial of *civil* causes, and while no *terms* of the court are prescribed for the trial of criminal matters, but they are brought on for trial as they arise, without regard to the terms at which jurors are required to attend, yet it is provided that "whenever a jury is required in a criminal case it shall be selected from the panel so drawn." This is qualified, it is true, by the provision allowing a special *venire* when deemed necessary. The fact that such jurors may not be in attendance at court does not furnish a proper occasion for a special *venire* for the summoning of jurors, irrespective of the list regularly selected and drawn for service each month in accordance with the statute; for it seems apparent that in general the regular panel drawn for each month will not be required to be in constant attendance, except during the terms of the court. They are drawn and summoned to attend at such terms, and would probably be generally excused from attendance at the close of the term, unless there should be reason to suppose that their services might be required at some subsequent particular time for the trial of criminal causes; and, though they may

have been excused from further attendance, they may be again called, if necessary. We think it was contemplated that this should be done when it was declared that whenever a jury shall be required in a criminal case it shall be selected from the panel so drawn. There is no other plain way to give effect to this express requirement of the law. We see no reason why it should not be so complied with when a criminal cause is to be tried, even though the regular jury may not be in attendance upon the court. If a jury is to be summoned, the officer may be directed by the *venire* to summon the persons who have been regularly drawn to serve as jurors. It need not be left to the officer to himself select jurors. The fact that the court had excused the regular panel from further attendance, or even from further service as jurors, would not stand in the way of their being again specially summoned, whenever in accordance with the law that should become necessary. Of course it may become necessary to require jurors to be selected from the whole number of those who may be qualified to serve, as when, for any reason, the attendance of the proper jury cannot be secured.

Our conclusion is that the court erred in directing the officer to select a jury.

Judgment reversed.